**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | | |
|---|---|---|
| ACTIVEHOURS, INC. D/B/A EARNIN, | § | |
| | § | |
| Plaintiff, | § | CASE NO.: 1:26-cv-07193 |
| | § | |
| v. | § | |
| | § | **DECLARATION OF THOMAS G. HOFFMAN, JR. IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S COMPLAINT** |
| HILLARY FAJARDO, AN INDIVIDUAL, STEVEN AVILES, AN INDIVIDUAL, LENNY LORENZI, AN INDIVIDUAL, EMILY JEREZ, AN INDIVIDUAL, DONALD BOAKYE, AN INDIVIDUAL, | § § § § § § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF THOMAS G. HOFFMAN, JR.**

I, THOMAS G. HOFFMAN, JR., declare as follows:

1. I am Partner at the law firm Labaton Keller Sucharow LLP and am counsel of record for Defendants Hillary Fajardo, Steven Aviles, Lenny Lorenzi, Emily Jerez and Donald Boakye. I make this declaration in support of Defendants' Motion to Dismiss or, in the alternative to Strike Plaintiff ActiveHours, Inc. d/b/a EarnIn's ("EarnIn") Complaint.

2. Attached as **Exhibit A** are true and correct copies of the five individual demands for arbitration submitted to the American Arbitration Association ("AAA") on behalf of Defendants on June 17, 2026.

3. Attached as **Exhibit B** is a true and correct copy of EarnIn's General Terms of Service effective January 17, 2025.

4. Attached as **Exhibit C** is a true and correct copy of EarnIn's General Terms of Service effective September 15, 2025.

5. Attached as **Exhibit D** is a true and correct copy of EarnIn's General Terms of Service effective March 11, 2026.

6. Attached as **Exhibit E** is a true and correct copy of EarnIn's General Terms of Service effective May 7, 2026.

7. Attached as **Exhibit F** is a true and correct copy of the March 12, 2026 letter to EarnIn, providing notice that the claimants, including Defendants, opt out of versions of EarnIn's Terms of Service published after January 17, 2025.

8. Attached as **Exhibit G** is a true and correct copy of the August 27, 2026 letter from EarnIn to the AAA. In the letter, EarnIn requested stay of all 9,526 demands and any subsequently filed demands pending the outcome of this action. EarnIn also stated that it had timely paid its portion of the initiation fee invoiced by the AAA on July 27, 2026.

9. Attached as **Exhibit H** is a true and correct copy of Claimants' September 4, 2026 letter to the AAA opposing EarnIn's request for a stay. The letter requested continued administration of the claims and appointment of a Process Arbitrator to address EarnIn's stay request and other threshold issues.

10. Attached as **Exhibit I** is a true and correct copy of the AAA Mass Arbitration Supplementary Rules effective April 1, 2024.

11. Attached as **Exhibit J** is a true and correct copy of the Tolling and Standstill Agreement between Claimants and EarnIn dated October 10, 2025.

12. Attached as **Exhibit K** is a true and correct copy of the AAA's October 16, 2026 email correspondence confirming that it would continue administration of the mass arbitration, except for the claims of the five Defendants in this action, which were stayed. The correspondence further states that EarnIn's request for a broader stay of the remaining cases may be raised to a Process Arbitrator upon appointment.

13. In connection with the 9,526 individual arbitration demands pending before the AAA, the AAA assessed a single initiation fee of $3,125 for Claimants collectively and a single initiation fee of $8,125 for EarnIn.

14. Attached as **Exhibit L** is a true and correct copy of Labaton Keller Sucharow LLP's credentials, describing the firm's experience, qualifications, and representative recoveries in complex litigation and mass arbitration.

15. Attached as **Exhibit M** is a true and correct copy of Plaintiff's Complaint (ECF No. 1), marked with red strikethrough to identify the allegations Defendants seek to strike pursuant to Federal Rule of Civil Procedure 12(f).

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York this 2nd day of November 2026.

By: */s/ Thomas G. Hoffman, Jr.*
Thomas G. Hoffman, Jr.

**CERTIFICATION OF COMPLIANCE**

I hereby certify that the word count of this affirmation complies with the word limits of Local Rule 7.1(c). According to the word-processing system used to prepare this affirmation, the total word count for all printed text exclusive of the material omitted under Local Rule 7.1(c) is 573 words.

*/s/ Thomas G. Hoffman, Jr.*
Thomas G. Hoffman, Jr.